UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JERMEL POPE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01393-SLD |
| ) | |
| J. KRUEGER, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

ORDER

Before the Court is Jermel Pope's petition for a writ of habeas corpus, ECF No. 1, pursuant to 28 U.S.C. § 2241. Pope, a prisoner at the Federal Correctional Institution in Pekin, Illinois ("FCI Pekin") argues that the Bureau of Prisons ("BOP") is violating federal law by refusing to credit against his federal sentence time he served in state custody prior to his current period of incarceration, or, alternatively, is failing to credit him time he actually spent in exclusive federal custody. Also before the Court are Pope's motion requesting a hearing, ECF No. 6; his motion for an evidentiary hearing, ECF No. 9; his motion for summary judgment, ECF No. 12; his motion requesting a ruling, ECF No. 13; and his motion requesting reassignment of his case, ECF No. 15. For the following reasons, Pope's petition is GRANTED IN PART AND DENIED IN PART, and in part the Court declines to rule on it at this time. His motions for hearing and summary judgment are DENIED, and his other motions are MOOT.

**BACKGROUND[1]**

---

[1] These facts are taken from Respondent's response to the petition, ECF No. 3, and from the sur-reply to Pope's traverse, ECF No. 10. *See* 28 U.S.C. § 2248. Where Pope disputes these facts the dispute is noted.

1

Pope was originally arrested on February 8, 2008. He was booked into Kendall County Jail that day and charged in Illinois state court with pandering, which at the time was codified as 720 ILCS 5/11-16. On May 22, 2008, he was transferred to federal custody pursuant to a federal writ, although Illinois retained primary jurisdiction. He was returned to the state's custody later the same day. On June 10, 2009, he was again transferred to federal custody pursuant to a federal writ, and again Illinois retained primary jurisdiction over him. He was then federally charged in the Northern District of Illinois with Transporting in Interstate Commerce an Individual to Engage in Prostitution, 18 U.S.C. § 2423, Case No. 8-cr-334-1. He was sentenced on the federal offense to a term of 100 months' imprisonment on June 10, 2009. The district court did not state whether the sentence was concurrent or consecutive with any potential later state sentence. Once sentenced on the federal conviction, Pope was again returned to the custody of Illinois on August 21, 2009, with a federal detainer lodged against him. Three days later, on August 24, 2009, he was sentenced on the state court pandering charge to five years' imprisonment.

At this point, Pope maintains he was transferred to federal custody at the Metropolitan Correctional Center in Chicago, where he claims he remained until May 25, 2010, and then was returned to Illinois custody. Petition 2, Traverse 1. Respondent does not address this contention, but maintains without comment that Pope remained in Illinois custody after the state court's judgment. Response 2. An Illinois Department of Corrections ("IDOC") record included with Krueger's Response, dated August 19, 2010, indicates that Pope was received by IDOC only on February 10, 2010, further confusing matters. Response Attach. 5. The parties agree that on August 6, 2010, Pope was paroled from Illinois custody and transferred to BOP custody, where he has remained.

Upon receiving Pope from Illinois's custody, the BOP determined that his period of federal incarceration began on the date of his transfer, August 6, 2010, and that none of the time he had been incarcerated prior to that date should be credited toward his federal sentence, because it had already been credited toward his state sentence. *See* 18 U.S.C. § 3585(b). Pope appealed this determination by applying to BOP for a retroactive designation of the state facilities in which he had been incarcerated, seeking that they be declared the original place of confinement for his federal sentence—in the jargon, a *nunc pro tunc* designation. The effect would have been to discount the length of his federal sentence by the period of time he had already been in state custody, treating the federal sentence as if it had begun to run concurrently with the state sentence at an earlier date than August 6, 2010.

BOP reviewed Pope's application in accordance with its policy, Program Statement 5160.05, and federal law, 18 U.S.C. § 3631(b), and on January 31, 2012, denied his request. *See* Petition Ex. B. As part of its review process, BOP sent a letter to the federal sentencing court, as provided for in its Program Statement, seeking the judge's "position on a retroactive designation." *See* Oct 12, 2011 Letter 2, Response Attach. 8. The judge did not respond. Pope later petitioned that court under 28 U.S.C. § 2255 for a retroactive declaration that its initial sentence had been intended to run concurrently with the later state sentence. The court denied his motion, citing the bar on successive § 2255 petitions, and Federal Rule of Criminal Procedure 35's restrictions on amending sentences. *See* Dec. 20, 2012 Order, Response Attach. 10. Pope filed the instant petition on September 29, 2014.

## DISCUSSION

I.   **Legal Standard on a Petition Pursuant to 28 U.S.C. § 2241**

The writ of "habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A federal prisoner "attacking the fact or the length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced" properly does so under 28 U.S.C. § 2241. *Id*. This includes circumstances where, as here, a petitioner seeks judicial review of BOP's refusal to credit time spent in state custody against his federal sentence, or BOP's computation of his period of incarceration more generally. *See Setser v. United States*, 132 S. Ct. 1463, 1473 (2012); *Taylor v. Lariva*, No. 15-3182, 2016 WL 1458230, at *2 (7th Cir. Apr. 14, 2016); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).[2] The district court will grant the petition to the extent that BOP violated federal law in its computation of a petitioner's sentence. *See Taylor*, 2106 WL 1458230 at *2.

**II.     Analysis**

Pope's arguments are not wholly clear. While he states in his Petition that he "is not asserting that the B.O.P. is wrong by denying concurrent designation to the Petitioner," he does ask that the Court "recommend to the B.O.P to grant such designation . . . ." Petition 4. One way or another, it would appear, he seeks a review of the BOP's determination that he is not entitled to a *nunc pro tunc* designation. Additionally, Pope argues that when, as he claims, he was delivered to the Metropolitan Correctional Facility in August of 2009, he was in primary federal custody, and the time he spent there ought to have been discounted from his federal sentence. Traverse 1.

---

[2] *Romandine* also states that in such suits under § 2241, the appropriate respondent is the Attorney General, not the warden of the prison where a petitioner is incarcerated. However, Respondent has not objected or moved that the matter be dismissed on that basis. *See Romandine*, 206 F.3d at 736 ("Nor did the United States say that the action should be dismissed for failure to name the proper respondent (the Attorney General)."). *But see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").

**a. BOP's Initial Determination of Pope's Sentence**

The Attorney General (and through her BOP) has the exclusive authority to determine whether and how much time should be credited against a prisoner's sentence when that prisoner is delivered to BOP custody. *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000); *United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995). This calculation is governed by statute:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

When BOP received Pope from IDOC on August 6, 2010, it declined to grant Pope credit for any of the time between that date and the date of the arrest. Respondent contends that, although Pope was continuously incarcerated for that period, all of the time he had been incarcerated had already been credited against his state pandering sentence, and thus could not be credited against his federal sentence. Response 6.

Krueger is partly correct. Some of the time Pope spent in custody prior to his receipt by BOP was credited against his state sentence. The Illinois sentencing judge indicated that all the time between the date of Pope's state sentencing on August 24, 2009, and his initial arrest on February 8, 2008, should be credited against Pope's 5-year state sentence. Criminal Sentence Order 1, Response Attach. 4. And IDOC's records indicate that Pope was discharged on parole on August 6, 2010, after a period of incarceration following the issuance of his state sentence.

5

Internet Inmate Status 1, Response Attach. 5. While it might therefore appear that Pope received credit against his Illinois sentence for all the time between his arrest and receipt by BOP, two complications arise.

First, while it is clear from the Illinois sentencing court's order that it intended to credit Pope with the full length of time between his arrest and sentencing, it is also clear that it failed to do so. Next to the space for time credited against the sentence on the sentencing order form, "(2/8/08–8/24/09)" is handwritten, suggesting the Court's intent to credit Pope with the span of time between those dates. However, the form also indicates that the court credited Pope with only 534 days. In fact, 564 days had passed between the date of Pope's arrest and the date of the sentencing order, counting both start and end days. Since no one contests that Pope was incarcerated for the entire period of time between February 8, 2008 and August 24, 2009, it appears that the Illinois court did not credit Pope with 30 days for which he was incarcerated. Thus, Pope spent thirty days in custody that were not credited against another sentence. That time should have been credited against his federal sentence pursuant to 18 U.S.C. § 3585(b), and BOP's refusal to credit him with those thirty days was a violation of the statute.

Second, Pope maintains that he was held in federal custody for at least three periods before he was received by BOP on August 6, 2010, and that BOP should have credited those periods against his sentence. Pope points to a period of 268 days, between August 31, 2009, and May 25, 2010, during which he claims to have been incarcerated at the Metropolitan Correction Facility in Chicago. He also points to two earlier periods, before either sentence was pronounced, during which he was incarcerated at a federal facility pursuant to a federal writ.

Pope's argument fails as to the latter periods—the ones that occurred before imposition of either sentence. Krueger maintains, and Pope does not dispute, that Pope was transferred

6

twice to a federal facility pursuant to a federal writ of habeas corpus *ad prosequendum*. When a prisoner is transferred in this way between two sovereigns, he remains, in legal fiction if nothing else, in the custody of the lending sovereign. *See Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989) ("A writ of habeas corpus *ad prosequendum* enables a state to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute and sentence such prisoner . . . . [T]he sending state retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction." (quotation marks in original)). Thus, BOP does not have to credit against a prisoner's sentence a period during which it houses him pursuant to a writ *ad prosequendem*, since he is in the primary custody of another sovereign—here, Illinois. *See Fisher v. Holinka*, 323 F. App'x 451, 453 (7th Cir. 2009).

However, Pope has raised a factual question as to whether he was transferred to primary federal custody for some stretch of time after the entry of his state court judgment. As noted above, Krueger does not respond in any way to Pope's assertion that he was transferred to the federal Metropolitan Correctional Facility in August 2009. While Pope's assertion as to when he was transferred back to an Illinois facility (he says it was on May 25, 2010) does not match IDOC's own records (they say he was received into custody on February 20, 2010), both Pope's version and the story told by IDOC's records make Respondent's bare assertion that Pope was in state custody for this entire period less than credible. If Pope was indeed at some point in primary federal custody before BOP claims first to have received him, he may be entitled to an earlier release by the number of days already served in primary federal custody. As detailed below, Respondent must address this matter within 21 days.

One further question arises in BOP's application of 18 U.S.C. § 3585(b) to compute Pope's initial sentence. On August 27, 2015, the office of the Kendall County Public Defender

7

faxed BOP an "agreed amended Criminal Sentencing Order" issued by the Illinois court that had originally sentenced Pope. The sentencing order is identical to the previous Illinois sentencing order, except that it does not list the 534 days' credit for prior time served that Pope initially received, and, while it does not bear the actual date of its issue, is dated "*nunc pro tunc* to 8/24/09." Amended Order 3, Sur-Reply Attach. 1. Apparently, this designation reflects the state court's post-hoc intent to, as the Public Defender's letter puts it, "[remove] any sentencing credit so that Mr. Pope can receive all the sentencing credit due him on his federal case." *Id.* at 1.

This Court is highly skeptical that an Illinois court could retroactively declare, in a purely technical fashion, that it had refused to credit time against a prisoner's sentence that it had, in fact, credited against a prisoner's sentence, since the only effect would be, as the Public Defender put it, to seek to force the federal sentence to run concurrently. The state court already indicated that the sentences should so run, but the courts of the State of Illinois do not have the power to bind the federal government's sentencing decisions, or BOP's calculation of sentencing credit for prior time served. *See Jake v. Herschberger*, 173 F.3d 1059, 1065 (7th Cir. 1999) ("[A] determination as to concurrence of sentence made by one sovereign does not bind the other. A prisoner may not, by agreeing with the state authorities to make his sentence concurrent with a federal sentence, compel the federal government to grant a concurrent sentence." (internal quotation marks omitted)); U.S. Const. art. VI, cl. 2.[3] The Illinois court could have shortened Pope's total period of incarceration, had it wished to, by shortening the length of its pronounced sentence; obviously, it is too late for that now. *See Romandine*, 206 F.3d at 738 ("For example,

---

[3] Note that the federal sentence, because not ordered to run consecutively or concurrently with any other sentence, runs consecutively with the state court sentence by default. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *Jones v. Winn*, 13 F. App'x 419, 421 (7th Cir. 2001); *Romandine*, 206 F.3d at 737–38. The federal sentencing court's order on Pope's motion to amend his sentence reaches the same conclusion in denying the motion. *See* Dec. 20, 2012 Order at 1–2.

8

the state judge could have given Romandine a discount of 10 months on account of his undischarged federal sentence.").

However, the Court need not even reach that issue. BOP contacted IDOC and asked whether the 534 days listed in the state court's initial order had been credited against Pope's sentence by Illinois; IDOC replied that they had. IDOC Response 1, Sur-Reply Attach. 2. BOP indicates, via a declaration, that IDOC's representation—that Illinois credited Pope with that time—controls BOP's decision and prevents it from crediting Pope with that time. Rodriguez Decl. 2–3, Mot. Sur-Reply App'x, ECF No. 10-1. BOP's reliance on IDOC's representation is not in violation of federal law, and this Court cannot disturb it. *See Taylor*, 2106 WL 1458230 at *2.

### b. BOP's Decision not to Grant Pope's Request for Retroactive Designation

BOP may retroactively designate a prisoner's prior place of confinement as the place of confinement at which he began his federal sentence. *See Jones v. Winn*, 13 F. App'x 419, 421 (7th Cir. 2001). BOP must consider a request for such a *nunc pro tunc* determination, but has no obligation to grant it. *Id.*; *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990). In considering the request, BOP looks to the statutory authority governing where a prisoner ought to be placed when he is initially received into BOP custody, and considers:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). *See Taylor*, 2106 WL 1458230 at *2. A district court reviews BOP's decision of whether to grant a prisoner's request for a *nunc pro tunc* designation for abuse of discretion. *Id*.

In accordance with § 3621 and BOP Policy Statement 5160.05, BOP determined that the serious nature and circumstances of Pope's offense, and Pope's lengthy criminal record, as well as his history of violating institutional rules and regulations, augured against granting him the *nunc pro tunc* designation. Admin. Remedy Resp., Petition Ex. Furthermore, BOP attempted to elicit a statement from the sentencing court pursuant to § 3621(b)(4), but received no response. *Id*. Thus, BOP considered the second, third, and fourth § 1621 factors; the first and fifth factors appear not to be relevant to this retroactive determination, as BOP recognized in its statement of reasons for denying Pope's request. *Id*.

Admittedly, even the factors that do appear logically applicable are an odd fit for this type of sentence determination. The statute plainly countenances BOP's *prospective* placement of a prisoner at a penal institution, rather than a retrospective determination of whether to credit a prisoner with time against his sentence. A consideration of a facility's resources only makes sense if one is deciding where to send someone; the subsection also authorizes BOP to make inter-prison transfers of prisoners and authorizes BOP to ignore requests by sentencing courts that prisoners be placed in community corrections facilities. 18 U.S.C. § 3621(b). There is something perverse in using § 3621(b) to deny what amounts to a discretionary reduction of a prisoner's sentence. Be that as it may, the law is clear: BOP does not abuse its discretion when it considers the § 3621 factors and denies on that basis a prisoner's request for a *nunc pro tunc*

designation. *Taylor*, 2016 WL 1458230 at *2; *Jones*, 13 F. App'x at 421–22. BOP did not abuse its discretion in denying Pope's request.

### III. Remaining Motions

Pope's motion of September 4, 2015 repeats the argument, addressed above, that the state court amended its sentencing order to remove credit for time Pope already served. The motion also requests a hearing to address this "new evidence." The Court has addressed the argument; the motion is denied.

Pope's motion of October 23, 2015 requests an evidentiary hearing, and again refers to the state court's amendment of its sentence. The motion is denied for the same reasons.

Pope moved on December 21, 2015 for summary judgment. The motion makes three arguments: that Pope was denied bail while in Illinois pretrial custody because of the federal detainer eventually lodged against him; that the Illinois court's retroactive removal of credit from his state sentence should alter BOP's computation; and that Pope was transferred to federal custody after the pronouncement of his Illinois sentence. The second and third arguments have already been addressed. The first argument requests the Court to recognize a narrow exception to § 3585(b)'s rule that BOP cannot credit time toward a prisoner's sentence that was already credited toward another sentence. Called *Willis* and *Kayfez* credits, after *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971), and *Kayfez v. Gasele*, 993 F.2d 1288, 1288 (7th Cir. 1993), these exceptions only apply in cases where a federal sentence has been ordered to run concurrently with a state sentence for which presentence incarceration time has been credited, but where the state credit will not have the effect of shortening the remaining period of time for which the prisoner will be incarcerated. However, as Respondent points out, Sur-Reply 3, Pope's federal sentence was not ordered to run concurrently with his state sentence, and instead

11

runs consecutively. *See* 18 U.S.C. § 3584(a). Thus, Pope is not entitled to *Willis* or *Kayfez* credits. His motion for summary judgment fails.

Pope's January 21, 2016, motion for a ruling from this court is moot in view of the instant Order.

Pope's May 5, 2016, motion requests that Pope's unrelated civil suit against BOP, 1:16-cv-01059, be assigned to another district court judge, because of his filing a petition for a writ of mandamus in connection with the instant case. He appears not to make any such request with respect to the petition in the instant case. Thus, his motion should be docketed in 1:16-cv-01059, not this case.

## CONCLUSION

Accordingly, Pope's Petition, ECF No. 1, is GRANTED IN PART AND DENIED IN PART; and in part, the Court declines to rule on it. Respondent is ORDERED to credit 30 days against Pope's sentence, and adjust his release date appropriately. Respondent is further ORDERED to file with the Court by July 22 a document detailing its position on the period of time for which Pope claims he was incarcerated in the Chicago Metropolitan Correctional Facility, to aid the Court in its ruling on Pope's Petition.

Pope's Motion for Hearing, ECF No. 6, is DENIED; his second Motion for Hearing, ECF No. 9, is also DENIED; his Motion for Summary Judgment, ECF No. 12, is DENIED; his Motion for Ruling, ECF No. 13, is MOOT; and his Motion requesting Reassignment, ECF No. 15, is MOOT. The Clerk is directed to file that Motion, ECF No. 15, in Pope's civil case, 1:16-cv-01059.

Entered this 1st day of July, 2016.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
